**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

*United States of America v. Erika Stephanie Porter*
Case No. 1:25-cr-00008-TMB-MMS-2

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

The matter comes before the Court on the Final Report and Recommendation ("Final R&R") of the Magistrate Judge[1] recommending the Court grant Defendant Erika Porter's Motion to Suppress (the "Motion") the evidence obtained as a result of her unlawful detention after a vehicle stop on February 12, 2025.[2] The Government responded in opposition to the Motion[3] and filed objections to the Initial Report and Recommendation ("Initial R&R"),[4] and Porter replied.[5] Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review, and, for the reasons discussed below, the Court **ACCEPTS and ADOPTS without modification** the Final R&R at Docket 183.[6] Accordingly, the Motion at Docket 102 is **GRANTED.**

### *A. Procedural Background*

The Court assumes the parties' familiarity with the underlying facts and proceedings in this case, relevant portions of which are detailed in the Final R&R.[7] Porter was charged with one count of Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A); one count of Possession with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A); and one Criminal Forfeiture Allegation pursuant to 21 U.S.C. § 853(a)(1) and (2) and 28 U.S.C. § 2461(c).[8]

On March 2, 2026, Porter filed her Motion to Suppress, arguing that the evidence stemming from her arrest on February 12, 2025, should be suppressed because her detention at the scene was unreasonable; law enforcement lacked the requisite probable cause to arrest her; the seizure of her cellphone was unjustified; and neither the good faith nor automobile exceptions apply.[9] The

[1] Dkt. 183 (Final Report and Recommendation as to Erika Stephanie Porter).
[2] Dkt. 102 (Motion to Suppress) at 1.
[3] *See generally* Dkt. 121 (Government's Response in Opposition to Motion to Suppress).
[4] Dkt. 178 (Government's Objections to the Initial R&R).
[5] Dkt. 182 (Porter's Reply to Objection to Report and Recommendation).
[6] Dkt. 183.
[7] *See generally id.*
[8] Dkt. 2 (Indictment).
[9] Dkt. 102 at 6–13.

Government responded in opposition, arguing that law enforcement had reasonable suspicion to initiate the traffic stop and articulable probable cause to do so by the time she was arrested; the vehicle stop was not unlawfully prolonged; the automobile exception applied to the seizure of her bags; and the seizure of her cellphone was justified.[10]

The Magistrate Judge held a two-day evidentiary hearing beginning on July 14, 2026, regarding the Motion to Suppress.[11] During the evidentiary hearing, the Magistrate Judge heard testimony from Juneau Police Department ("JPD") Detective Timothy Kissner; former JPD Detective Ronald Shriver; Probation Officer Ángel Simon Catindig ("PO Catindig"); former JPD Detective Mattie Shriver; and Alaska State Trooper drug division Task Force Officer Jessee Fergin-Kuehnl ("TFO Fergin-Kuehnl").[12]

1. <u>Final Report and Recommendation</u>

On October 9, 2026, the Magistrate Judge issued a Final R&R recommending that the Court grant the Motion to suppress the contents of Porter's bags and the contents of her cellphone.[13] The Magistrate Judge found that Porter was arrested without probable cause and that the arrest was "likely premediated."[14] As a result, the Final R&R concludes that the automobile exception does not apply because there was no probable cause to search the vehicle.[15]

First, the Magistrate Judge found that Porter's arrest was unlawful.[16] The Government argued that there was probable cause for Porter's arrest based on the facts known to officers at the time Porter was handcuffed and later transported.[17] The Magistrate Judge found most of the Government's arguments inapplicable to Porter and insufficient to support probable cause for her arrest.[18] The Magistrate Judge found that "[a]t most, law enforcement knew that Ms. Porter was part of the drug milieu and that she was a person of interest."[19]

Second, the Magistrate Judge found that there was no probable cause to search the vehicle and that

---

[10] Dkt. 121 at 4–13.
[11] Dkt. 150 (Minute Entry for Evidentiary Hearing Day 1); Dkt. 151 (Minute Entry for Evidentiary Hearing Day 2); *see also* Dkt. 159 (Amended Transcript of Evidentiary Hearing on 7/14/2026); Dkt. 160 (Transcript of Evidentiary Hearing on 7/15/2026).
[12] *See* Dkt. 183 at 3–17.
[13] *Id.*
[14] *Id.* at 17.
[15] *Id.*
[16] *Id.* at 19.
[17] *See* Dkt. 121 at 8; *see also* Dkt. 183 at 19.
[18] Dkt. 183 at 20.
[19] *Id.*

the automobile exception did not apply.[20] "While it is undisputed that there was reasonable suspicion to stop the vehicle and that Mr. Iler was arrested on probation warrants, the observations by law enforcement were insufficient to establish a reasonable belief that evidence of a crime would be found in the vehicle."[21] Therefore, the Magistrate Judge concluded that law enforcement officers were not "authorized to seize the vehicle or its contents," including Porter's bags, and she should have been permitted to leave with her belongings.[22]

Finally, the Magistrate Judge found that there is no evidence that law enforcement would have been able to search Porter's bags or the contents therein had they "eventually executed a valid search warrant or a valid arrest on [ ] Porter."[23] Detective Shriver seized Porter's cellphone while she was in the holding cell, and the Magistrate Judge noted that at that time, Porter was "free to lock, wipe, or destroy her cellphone, as law enforcement did not have a constitutional basis to seize it from her."[24] Ultimately, the Magistrate Judge concluded that the Government failed to meet its burden to show inevitable discovery.[25]

2. Objections

The Government filed objections to the Initial R&R, objecting to the Magistrate Judge's finding that Porter's arrest and the seizures of her bags and cellphone were unlawful.[26] The Government contends that an incident in which an individual purchased methamphetamine from Porter five days before her arrest provides a standalone basis for her arrest.[27] The Government argues that while it did not brief the methamphetamine purchase at the Hearing, TFO Fergin-Kuehnl testified that he included the incident in his assessment.[28] The Government contends that the methamphetamine purchaser's account "supplied probable cause for felony distribution" and "[a] warrantless public arrest supported by probable cause is reasonable[,]" regardless of an officer's subjective intent.[29]

Porter responds to the Government's objection, arguing that it "overstat[ed] the record."[30] Porter argues that the methamphetamine purchase, in which an individual admitted to law enforcement that she obtained methamphetamine from Porter, is not "self-inculpatory" nor would it provide

---

[20] *Id.*
[21] *Id.*
[22] *Id.* at 22.
[23] *Id.*
[24] *Id.*
[25] *Id.*
[26] *See* Dkt. 178 at 5.
[27] *Id.*
[28] *Id.* (citing Dkt. 160 at 73:18–74:4).
[29] *Id.*
[30] Dkt. 182 at 3.

probable cause to search Iler's vehicle or Porter's belongings five days later.[31]

The Government further argues in its objection that "[i]f the officers had probable cause to search the vehicle, they also had probable cause to search Porter's bags within."[32] The Government cites *Wyoming v. Houghton*,[33] in which officers observed a hypodermic syringe in the driver's shirt pocket during a traffic stop.[34] After the driver admitted to using drugs, law enforcement searched and found contraband in the passenger compartment and the passenger's purse.[35] The Court found the search in *Houghton* reasonable, which the Government argues "permit[s] a search of a passenger's belongings inside a vehicle when officers have probable cause to search the car and when a container can conceal the object sought."[36] The Government also contends that Porter's phone was lawfully seized for "custodial safekeeping" because cellphones are not permitted in holding cells, noting that officers did not search Porter's phone until after they obtained a warrant.[37]

The Final R&R addressed the Government's objections regarding Porter's arrest. The Magistrate Judge noted that "the [G]overnment does not object substantively to the Court's other factual findings regarding whether [ ] Porter was lawfully arrested"[38] and that the Government's "brand new arguments" as to the incident involving the purchase of methamphetamine five days before Porter's arrest do not materially alter the Court's analysis.[39] The Magistrate Judge wrote that "being a drug addict or committing a drug crime previously does not give law enforcement carte blanche to search any vehicle that person is [within] at any time."[40] Ultimately, the Magistrate Judge modified the Initial R&R to address Porter's and her co-defendant Iler's motions separately in different Final R&Rs.[41] Otherwise, the Magistrate Judge did not alter the recommendations with respect to Porter's Motion.[42]

---

[31] *Id.* at 3–4.
[32] Dkt. 183 at 23.
[33] 526 U.S. 295 (1999).
[34] *Id.* at 298.
[35] Dkt. 178 at 5 (citing *Houghton*, 526 U.S. at 297).
[36] *Id.* (citing *Houghton*, 526 U.S. at 302–07).
[37] *Id.* at 6.
[38] Dkt.183 at 24 (quoting Dkt. 162 (Initial Reports and Recommendation as to Patrick Iler and Erika Stephanie Porter) at 33).
[39] *Id.* at 23.
[40] *Id.* at 24 (quoting Dkt. 162 at 33) (internal quotation marks omitted).
[41] *Id.* at 23.
[42] *Id.*

### *B. Legal Standard*

1. <u>De novo review</u>

Under 28 U.S.C. § 636(b)(1)(C), a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." A court is to "make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made."[43] But as to those topics on which no objections are filed, "[n]either the Constitution nor [28 U.S.C. § 636(b)(1)] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct."[44]

2. <u>Probable Cause to Arrest</u>

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures[.]"[45] Brief investigatory detentions only require reasonable suspicion;[46] however, warrantless arrests require probable cause.[47] Probable cause for an arrest exists when "under the totality of circumstances known to the arresting officers[,] a prudent person would have concluded that there was a fair probability that [the defendant] had committed a crime."[48] "Probable cause is an objective standard" and does not consider an officer's subjective intent.[49]

3. <u>Seizures and Probable Cause</u>

Probable cause exists when, under the totality of the circumstances, there is "a fair probability that contraband or evidence of a crime will be found in a particular place."[50] This "is not a high bar[,]"[51] demands less evidence than required for a conviction, and "may rest upon evidence which is not legally competent in a criminal trial."[52] When a seizure is supported by probable cause and

---

[43] 28 U.S.C. § 636(b)(1)(C).
[44] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).
[45] U.S. CONST. amend. IV.
[46] *Pierce v. Multnomah County, Or.*, 76 F.3d 1032, 1040 (9th Cir. 1996) (citing *Terry v. Ohio*, 392 U.S. 1, 30 (1968)).
[47] *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007).
[48] *Id.* (quoting *United States v. Smith*, 790 F.2d 789, 792 (9th Cir. 1986) (internal quotation marks omitted)).
[49] *Id.*
[50] *United States v. King*, 985 F.3d 702, 707 (9th Cir. 2021) (quoting *United States v. Diaz*, 491 F.3d 1074, 1078 (9th Cir. 2007)).
[51] *Kaley v. United States*, 571 U.S. 320, 338 (2014).
[52] *United States v. Ventresca*, 380 U.S. 102, 107 (1965).

law enforcement did not unduly delay obtaining a warrant, the temporary seizure is reasonable.[53]

4. Automobile Exception

Under the Fourth Amendment, searches conducted without a warrant "are *per se* unreasonable[,]" subject to a few exceptions.[54] "Under the automobile exception to the warrant requirement, police may conduct a warrantless search of a vehicle if there is probable cause to believe the vehicle contains evidence of the crime."[55] The Government bears the burden of establishing an exception to the warrant requirement.[56]

### *C. Discussion*

1. Porter's arrest was unlawful.

First, the Government argues that Porter was lawfully arrested. The Government argues that five days before Porter's arrest, an individual stated that she purchased methamphetamine from Porter.[57] It contends that TFO Fergin-Kuehnl testified that he considered this incident in his assessment, which "supplied probable cause for felony distribution."[58] The Government argues that "[w]hether officers had already contemplated arresting Porter is immaterial because subjective intent does not invalidate an objectively supported arrest."[59]

The Government concedes that its argument regarding the alleged methamphetamine purchase incident was not briefed.[60] At the Hearing, TFO Fergin-Kuehnl briefly testified that an individual told law enforcement five days before Porter's arrest that she had purchased methamphetamine from Porter.[61] TFO Fergin-Kuehnl stated that he corroborated this information through video footage that appeared to place the individual at a property associated with Porter.[62] TFO Fergin-Kuehnl then testified that he believed there was probable cause to search the car based on "the totality of the investigation, including the fact that [the individual] stated she purchased meth from

---

[53] *Illinois v. McArthur*, 531 U.S. 326, 333–34 (2001) ("We have found no case in which this Court has held unlawful a temporary seizure that was supported by probable cause and was designed to prevent the loss of evidence while the police diligently obtained a warrant in a reasonable period of time.").
[54] *Katz v. United States*, 389 U.S. 347, 357 (1967).
[55] *United States v. Brooks*, 610 F.3d 1186, 1193 (9th Cir. 2010).
[56] *United States v. Hawkins*, 249 F.3d 867, 872 (9th Cir. 2001).
[57] Dkt. 178 at 5 (citing Dkt. 160 at 73:18–74.4).
[58] *Id.*
[59] *Id.* (citing *Devenpeck v. Alford*, 54 U.S. 146, 152–55 (2004)).
[60] *Id.*
[61] Dkt. 160 at 38:9–39:23, 74:2–4.
[62] *Id.* at 38:9–39:23.

Erika Porter just five days previous to this traffic stop[.]"[63]

Under the Fourth Amendment, probable cause for an arrest exists when "under the totality of circumstances known to the arresting officers[,] a prudent person would have concluded that there was a fair probability that [the defendant] had committed a crime."[64] "Probable cause is an objective standard" and does not consider an officer's subjective intent.[65]

The Court notes at the outset that the Ninth Circuit has held that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation."[66] Regardless, having reviewed the Government's arguments and the record, the Court agrees with the Magistrate Judge that the alleged purchase of methamphetamine five days before Porter's warrantless arrest does not provide probable cause.[67] The evidence presented does not show a fair probability that Porter committed a crime, and the Government has failed to establish why the incident would provide probable cause for Porter's arrest five days later. In fact, TFO Fergin- Kuehnl testified that he believed the incident provided probable cause to search the car, not probable cause to arrest Porter.[68] Therefore, the Court concludes that Porter's arrest was without probable cause.

2. <u>The seizures of Porter's bags and cellphone were unlawful.</u>

Second, the Government argues that the seizure of Porter's bags and cellphone were lawful. In its objection, the Government argues that "[i]f the officers had probable cause to search the vehicle, they also had probable cause to search Porter's bags within."[69] The Government cites *Wyoming v. Houghton* for support.[70] In *Houghton*, the Court held that "police officers with probable cause to search a car may inspect passengers' belongings found in the car that are capable of concealing the object of the search."[71] There, the parties did not contest there was probable cause to search the car for illegal drugs because officers observed a hypodermic syringe in the driver's shirt pocket

---

[63] *Id.* at 73:23–74:4.
[64] *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007) (quoting *United States v. Smith*, 790 F.2d 789, 792 (9th Cir. 1986) (internal quotation marks omitted).
[65] *Id.*
[66] *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) (holding that the magistrate judge did not abuse discretion in refusing to hold an evidentiary hearing on the defendant's motion to suppress and that the district court, on de novo review of the magistrate judge's recommended denial of an evidentiary hearing, did not abuse its discretion in refusing to consider supplemental factual allegations which the defendant had not presented to the magistrate judge).
[67] Dkt. 183 at 23–24.
[68] *See* Dkt. 160 at 73–74.
[69] Dkt. 178 at 5.
[70] *Id.*
[71] *Wyoming v. Houghton*, 526 U.S. 295, 307 (1999).

and the driver subsequently admitted that he used the syringe to take drugs.[72]

However, the facts in *Houghton* differ from Porter's situation. Here, the Magistrate Judge found and the Court agrees that there was no probable cause to search the vehicle and that the automobile exception does not apply.[73] The Magistrate Judge found that the "observations by law enforcement were insufficient to establish a reasonable belief that evidence of a crime would be found in the vehicle."[74] TFO Fergin-Kuehnl testified that he observed tinfoil, a red sandwich bag, Ziplock bags in Porter's bag, and a black safe.[75] The Magistrate Judge noted, with regard to Iler's Motion to Suppress,[76] that "TFO Fergin-Kuehnl's description of what he saw was incomplete and took important observations out of context" and found there was no probable cause to search the vehicle.[77]

"Under the automobile exception to the warrant requirement, police may conduct a warrantless search of a vehicle if there is probable cause to believe the vehicle contains evidence of the crime."[78] Probable cause exists when, under the totality of the circumstances, there is "a fair probability that contraband or evidence of a crime will be found in a particular place."[79]

The February 12, 2025, search is distinguishable from that in *Houghton* because, here, the evidence does not establish that there was a fair probability that evidence of drug distribution would be found in the car. The Court similarly finds that the incident concerning the individual who allegedly purchased methamphetamine from Porter does not provide probable cause to search the car five days later because there is no indication that evidence of that incident would be found in the vehicle driven by Iler. Therefore, the automobile exception does not apply because there was no probable cause to search the vehicle. Accordingly, the Court agrees with the Magistrate Judge's finding that the search of Porter's bags was unlawful.

As to Porter's cellphone, the Court has already determined that Porter's arrest was unlawful for the reasons stated above. Therefore, Porter's cellphone and the contents therein should be suppressed because they were obtained as a result of her unlawful arrest. Therefore, the Court finds that the seizure of Porter's bags and the seizure of her cellphone were unlawful.

---

[72] *Id.* at 297–298, 300.
[73] Dkt. 183 at 21.
[74] *Id.*
[75] *Id.* at 14.
[76] Dkt. 162.
[77] Dkt. 184 (Final Report and Recommendation as to Patrick Iler) at 31–32.
[78] *United States v. Brooks*, 610 F.3d 1186, 1193 (9th Cir. 2010).
[79] *United States v. King*, 985 F.3d 702, 707 (9th Cir. 2021) (quoting *United States v. Diaz*, 491 F.3d 1074, 1078 (9th Cir. 2007)).

### *D. Conclusion*

Having reviewed de novo the parties' initial briefing, the Final R&R, the transcript of the evidentiary hearing, the Government's objections, and Porter's responses to the Government's objections, the Court agrees with the Magistrate Judge's recommendation to grant the Motion. Accordingly, the Court **ACCEPTS AND ADOPTS without modification** the Final R&R at Docket 183 and **GRANTS** the Motion to Suppress at Docket 102.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: November 2, 2026.